OPINION
{¶ 1} Harriett Wetja Steel appeals from a judgment against her and in favor of Michelle Connour in the amount of $900, interest, and costs.
 {¶ 2} Michelle Connour filed a small claim against Steel for $900, representing a security deposit on residential real estate in West Alexandria, which Connour and her family never occupied.
 {¶ 3} Steel filed a small claim against Connour and her husband, Chad Connour, for $800, representing one month's rent on the premises. The trial court dismissed Steel's claim for rent and the judgment, as it dismissed Steel's complaint, is not on appeal.
 {¶ 4} The matter was referred to the trial court's magistrate for trial.
 {¶ 5} Because the magistrate's decision finds ample support in the trial transcript, and in the interests of judicial economy, we quote it in pertinent part:
 {¶ 6} "These matters were combined for trial as they originate from the same set of facts. Michelle and Chad Connour were interested in renting residential real estate from Harriet Wetja Steel. The premises that the Connours were interested in was commonly known as 7929 Fudge Road, West Alexandria, Ohio. The Connours met with Ms. Steel's agent, her daughter, Marcia Steel, and they advised her that they wanted to rent the premises after looking at the home. Ms. Steel advised them that there were two (2) specific conditions to the Connours renting the premises. They were not permitted to use the attic in the home for any purpose nor were they permitted to use their own window treatments. The Connours advised Marcia Steel that they would also require the use of a satellite dish in order to get more than the standard television channels.
 {¶ 7} "The parties agreed that rent on the property would be Eight Hundred dollars ($800.00) per month and would be due on the first of the month pursuant to the oral month to month tenancy. The Connours were to take possession of the premises the day after Thanksgiving, 2001. The day before Thanksgiving, Dayton Power Light and Dish Network came to the property to activate the gas and electric and to install a satellite dish respectfully (sic). Marcia Steel was at the premises as well. The representative of Dish Network picked out the optimum location for the satellite dish and was ready to install the same. Unfortunately, Marcia Steel would not allow the dish to be installed where Dish Network required it to be because installation would have required drilling holes in the floor of the home. Additionally, on that date, Ms. Steel advised Mr. and Mrs. Connour that there were certain locations on the property that the Connour's children were not permitted to use for play, as there were farming operations going on around the property and it would be dangerous for the children in those areas in addition to being potentially harmful to the farming operations.
 {¶ 8} "As a result of the inability of the parties to arrive at a meeting of the minds concerning the installation of the dish as well as the newly recited requirements limiting the children's play area, the Connours decided not to rent the premises.
 {¶ 9} "On November 4, 2001, they had given a Nine Hundred dollar ($900.00) deposit to Marcia Steel.
 "* * * {¶ 10} "The Court finds that a material element of the oral contract between the parties was the installation of a satellite dish enabling the Plaintiff to receive a satellite signal for television viewing. When Marcia Steel refused to permit the installation of the dish where required by the installer, as a result of the requirement of drilling holes in the home's floor, a material element of the contract was negated, thus relieving the Connours of their obligations to rent the premises under the contract.
 {¶ 11} "Although Steel argues that the Connours, by completing the rental application which indicates that the deposit is non-refundable, waived their rights to the Nine Hundred dollars ($900.00), the law in the State of Ohio is contra to that position. Deposits for residential real estate are never non-refundable. Ms. Steel did not present any evidence that would indicate that she was entitled to a setoff against the damage deposit. Judgment is thereby entered in favor of the Plaintiff, Michelle Connour, and against the Defendant, Harriett Wetje Steel, in the amount of Nine Hundred dollars ($900.00), together with interest rate of 10% per annum and costs."
 {¶ 12} Steel filed objections to the magistrate's decision which the trial court considered on the merits, notwithstanding they were filed one day late. The trial court stated in pertinent part:
 {¶ 13} "The Court finds that the availability of satellite dish was a material element of the oral contract between the parties.
 {¶ 14} "Further, the testimony of Marsha Steel is that the tenancy was to begin November 16, 2001. The Connours dispute this stating that the period was to begin the day after Thanksgiving. In any event, the rental application refers to the sums given to this deal as a deposit. Further, if the Court uses Marsha Steel's initial date of tenancy, the Nine Hundred dollar ($900.00) deposit viewed as liquidated damages would not bear a reasonable relationship to the actual loss incurred."
 {¶ 15} On appeal, Steel assigns error as follows:
 {¶ 16} "The trial court erred by overruling appellant's objections to the decision of the magistrate and granting judgment to plaintiff on the liquidated damages clause of the parties contract."
 {¶ 17} Steel contends that Connour failed to establish that her agent, Marsha Steel, prevented the installation of the satellite dish. We disagree.
 {¶ 18} Connour testified that cable television wasn't available in the vicinity of the residential premises and, thus, their ability to utilize a satellite dish was a necessary condition of her and her husband renting the premises. She further testified that the satellite dish service she had employed to install the dish informed her that it could not install a dish that performed satisfactorily given the restrictions Marsha Steel put on its placement and manner of installation.
 {¶ 19} In short, there was competent credible evidence that workable satellite television was a material condition of the parties' rental agreement, and that Steel's agent effected a failure of that condition.
 {¶ 20} Steel next contends that the trial court erred in treating the $900 security deposit of November 4, 2001, as a penalty rather than liquidated damages.
 {¶ 21} The rental application, signed by Connour November 3, states: "Deposit made toward 1st month rent non-refundable."
 {¶ 22} As indicated above, the trial court assumed arguendo that the start date of the tenancy was November 16 and that $900 "would not bear a reasonable relationship to the actual loss incurred."
 {¶ 23} Connour testified that she called Steel on November 21 — the same day that Marsha Steel imposed impracticable restrictions on installation of a satellite dish — and told Steel that she and her family would not be taking occupancy of the premises. She testified that she also cancelled her earlier order for a DPL hookup on November 21.
 {¶ 24} Steel argued in her objections — as she does here — that based on Connour's November 3 rental application and November 4 deposit, the property was removed from the rental market until Connour gave notice that she and her family would not be taking occupancy. (Steel puts that date at November 23 or December 3, depending on whose version of events is accepted, although our reading of the transcript has Connour testifying that the notice date was November 21). Thus, Steel contends that she is entitled to the $900 deposit as liquidated damages under the terms of the rental application, citing Smith v. HuberInvestment Corp. (Apr. 18, 1997), Montgomery App. No. 16030, which cited Lake Ridge Academy v. Carney (1993),66 Ohio St.3d 376. We disagree.
 {¶ 25} The magistrate and the trial court found — and we think properly so — that Marsha Steel's impracticable restrictions for installation of the satellite dish relieved Connour of any obligation to rent the premises.
 {¶ 26} Liquidated damages are an agreed upon amount of money to be paid in lieu of actual damages in the event of a breach of contract. See 30 Ohio Jurisprudence 3d (1999), Damages, Section106.
 {¶ 27} Connour never breached the lease agreement. Although both the magistrate and trial court considered the liquidated damages clause in the rental application, they need not have done so.
 {¶ 28} The assignment of error is overruled.
 {¶ 29} The judgment will be affirmed.
Brogan, J. and Young, J., concur.